# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE KINDER, JR., | Case No.: 1:16-cv-01793-BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT, (ECF Nos. 1, 12) |
| v. | |
| L. MUNOZ, et al., | ORDER TERMINATING MOTION FOR INVESTIGATION, (ECF No. 11), AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| Defendants. | |

Plaintiff Bobby Lee Kinder, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 28, 2016. Plaintiff consented to the jurisdiction of a United States Magistrate Judge on December 7, 2016. (ECF No. 7.)

On June 30, 2017, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed, without prejudice, for failure to exhaust his administrative remedies prior to filing this action. The Court ordered Plaintiff to submit a response within twenty-one (21) days following service. (ECF No. 12.) Over twenty-one days have passed and Plaintiff has not filed any response.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

1

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002).

Plaintiff asserts three separate claims in this action. In his complaint, Plaintiff concedes that he did not submit a request for administrative relief on his first and third claims and, although he submitted a request for administrative relief on his second claim, he did not appeal that request to the highest level. (ECF No. 1, pp. 3, 4, 5.) Thus, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Director of Dept. of Corrections, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

///

///

1    Accordingly, it is HEREBY ORDERED that:

2    1.    This action is dismissed, without prejudice, based on Plaintiff's failure to exhaust

3          administrative remedies prior to filing suit;

4    2.    Plaintiff's motion for investigation, filed February 1, 2017, is hereby denied, as moot;

5          and

6    3.    The Clerk of the Court is directed to close this case.

7

8    IT IS SO ORDERED.

9       Dated:    **August 3, 2017**                    /s/ *Barbara A. McAuliffe*

10                                             UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28