1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  EASTERN DISTRICT OF CALIFORNIA

10

11  BOBBY LEE KINDER,                          Case No. 1:16-cv-01793-BAM (PC)

12              Plaintiff,                     ORDER GRANTING PLAINTIFF'S MOTION
                                               FOR 21-DAY EXTENSION OF TIME
13       v.                                    (ECF No. 16)

14  L. MUNOZ, et al.,                          ORDER VACATING JUDGMENT AND
                                               DIRECTING CLERK OF COURT TO
15              Defendants.                    REOPEN ACTION AND PROVIDE
                                               PLAINTIFF WITH A COPY OF THE
16                                             COURT'S SHOW CAUSE ORDER

17

18          Plaintiff Bobby Lee Kinder ("Plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to

20  magistrate judge jurisdiction. (ECF No. 7.)

21          On June 30, 2017, the Court issued an order requiring Plaintiff to show cause why this

22  action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. (ECF

23  No. 12.) Plaintiff was directed to file a response within twenty-one (21) days. (Id.) On July 10,

24  2017, the Court received a notice of change of address for Plaintiff dated July 5, 2017. (ECF No.

25  13.) Plaintiff did not otherwise respond to the Court's order. Thus, on August 3, 2017, the Court

26  issued an order dismissing this action, without prejudice, for failure to exhaust prior to filing suit.

27  (ECF No. 14.) Judgment was entered accordingly the same day. (ECF No. 15.)

28  ///

On September 9, 2017, Plaintiff filed the instant motion for 21-day extension of time. (ECF No. 16.) Plaintiff states that he just received the Court's June 30, 2017 show cause order, which had been mailed to Sacramento.[1] Plaintiff states that he has been at Corcoran since June 9, 2017, and seeks another 21-day deadline in this action. (Id.) The Court construes the motion as a motion for reconsideration.

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The Court finds good cause to grant Plaintiff reconsideration and re-open this action. Fed. R. Civ. P. 60(b). Plaintiff has stated that he did not receive the Court's June 30, 2017 order, which required him to show cause why this action should not be dismissed for failure to exhaust prior to filing suit. The case was ultimately dismissed because Plaintiff never complied with the June 30, 2017 order. Plaintiff should not be penalized for failure to obey a court order that he did not receive in time. Accordingly, Plaintiff's motion shall be granted, and the Court will re-open this action and re-serve the June 30, 2017 order on Plaintiff.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for a 21-day extension of time (ECF No. 16) is GRANTED;

2. The Clerk of the Court is directed to VACATE the judgment entered on August 3, 2017, and re-open this action;

///

---

[1] Plaintiff also states that he is sending back the mail to prove he did not receive it until August 31, 2017, but no documents were attached to the motion.

1       3.   The Clerk of the Court shall mail Plaintiff a copy of the Court's show cause order

2             issued on June 30, 2017 (ECF No. 12);

3       4.   Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall

4             show cause why this action should not be dismissed, without prejudice, for failure to

5             exhaust prior to filing suit; and

6       5.   If Plaintiff fails to comply with this order, this action will be dismissed, without

7             prejudice, for failure to exhaust prior to filing suit and failure to obey a court order.

IT IS SO ORDERED.

Dated:    **September 11, 2017**          /s/ *Barbara A. McAuliffe*

                                   UNITED STATES MAGISTRATE JUDGE