# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE KINDER, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>L. MUNOZ, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01793-BAM (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES<br><br>(ECF No. 12) |

Plaintiff Bobby Lee Kinder, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 7.)

Plaintiff initiated this action by filing a complaint on November 28, 2016, asserting three separate claims. (ECF No. 1.) In his complaint, Plaintiff conceded that he did not submit a request for administrative relief on his first and third claims and, although he submitted a request for administrative relief on his second claim, he did not appeal that request to the highest level. (Id. at 3, 4, 5.) Thus, on June 30, 2017, the Court issued an order for Plaintiff to show cause why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. Plaintiff was directed to file a response within twenty-one days. (ECF No. 12.)

On July 10, 2017, the Court received a notice of change of address for Plaintiff dated July 5, 2017. (ECF No. 13.) Plaintiff did not otherwise respond to the Court's order. Thus, on

1

August 3, 2017, the Court issued an order dismissing this action, without prejudice, for failure to exhaust prior to filing suit. (ECF No. 14.) Judgment was entered accordingly the same day. (ECF No. 15.)

On September 9, 2017, Plaintiff filed a motion for 21-day extension of time. (ECF No. 16.) The Court granted the motion, construed as a motion for reconsideration, vacated the August 3, 2017 judgment, and directed Plaintiff to respond to the June 30, 2017 show cause order within twenty-one days. (ECF No. 17.)

Currently before the Court is Plaintiff's response to the Court's show cause order, filed on June 30, 2017. (ECF No. 12.) Plaintiff's response again fails to allege any facts suggesting that he filed, or made any effort to file, a prison grievance related to his first and third claims. Plaintiff further fails to allege any facts explaining why he failed to appeal his administrative request for relief on his second claim to the highest level. Nor does Plaintiff allege facts suggesting repeated rejections of his grievances generally so as to give rise to a reasonable good faith belief that administrative remedies were effectively unavailable. See Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010). At most, Plaintiff suggests that his administrative remedies are exhausted because Defendant Munoz "was wrong" and Internal Affairs is still investigating Plaintiff's claims, which could take up to 4 years. (ECF No. 18, p. 6.) This is not sufficient to demonstrate exhaustion or the unavailability of administrative remedies.

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

///

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim.  See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit;
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 6, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE